Smith, J.
¥e are of the opinion that on the pleadings and evidence, relator is entitled to the relief prayed for, and that it comes within the ruling of this court in the ease of Springmyer v. Bowler, 1 C. C. Rep. 501.
The sewer in question is a public sewer, and under the law of the state and the ordinances of the city, the owners of lots adjacent thereto are authorized, on the payment of the license fee fixed by the statute and ordinances, and a tender of performance of all the other requirements thereof, (all of which have been tendered in this, case), to tap or make connection therewith, without paying the amount of $2.00 per front foot of his lot, which the city authorities seek to require him to pay, on the ground that the assessment of that amount laid upon his property, and that of a part of the *635 other property adjacent thereto, for the construction .of the sewer, was by the judgment of the Superior Court held to be invalid, and a much larger part of the cost of the construction thereof, than was intended, was cast upon the city. The relator’s property cannot, for this, reason, be in this way, in effect, assessed to the full amount allowed by the law.
Herbert Jenney, attorney for plaintiff.
John Galvin, Assistant City Solicitor, for defendant.
A peremptory writ will therefore issue against the defendants requiring them to issue such license, to be delivered to relator on the payment of the regular license fees, and the fulfillment of the other requirements of the statute and ordinance.